THE only point made in this case was on the construction of the will of the defendant’s testator. The case was as follows : Mr. Whaley made and duly exe~ cute¿ ]j]s ]ast will and testament, by which he made the devises and bequests. “ With respect to my w°rdly estate, I leave in manner following : Item — I give and bequeath to my beloved wife, Mary Whaley, the use of my plantation on Edisto Island, known by the name of the Old House Tract, adjoining Mr. James Clarke, Mr. John Jenkins and Mr. Charles Flinn’s lands. This plantation, say the Old House Tract, and 20 negroes are given for and during her natural life only, and at her death, I give the said plantation and 20 negroes to be equally divided among my surviving children, share and share alike.” He then proceeds to give to his wife, Mary Whaley, the use of his house ,in town, during her widowhood, after which he gave the said house and lot to bo divided between his then surviving children, share and share alike. The testator then gives his two tracts of land on Ashly river, (700 acres,) to be equally divided between his sons Thomas and Archibald Whaley, share and share alike. The testator then proceeds to give His plantation on Edisto (316 a-eres,) and his plantation on John’s Island, (450 acres,) to be equally divided among seven of his children, to-wit, Joseph, Edward, Benjamin, William, Edward Wilkinson, John and Susannah, share and share alike. But in case of the death of either of them under age, (of 21 years) then to the survivor or suiwivors of them, share and share alike. Surplus of crops to be laid out in lands or other property for the benefit of the said seven children.
*81 The testator died in May, 1805. Joseph, the son, attained 21 years, and applied for partition. The other Children living are minors. Joseph, Edward and Benjamin were full brothers to each other ; William, Wilkinson, John and Susannah are full brothers and sister to each other j Archibald was by another wife; he died on the 21st October, 1805, unmarried and intestate, leaving as nearest of kin a niece of the whole blood, named Mary Seabrook, the daughter of his full sister, Mrs. Seabrook, dec. leaving also his half brothers, Thomas, Joseph, Edward, Benjamin, William, Wilkinson and John and his half sister Susannah : Therefore the bill charges on his decease, that part of his father’s estate devised to him, became vested in his niece, half brothers and half sisters.
Thomas another son of testator died on 28th October, 1805, of full age. He had made his last will and testa* mentón 8th October, preceding, by which after giving an annuity of SOL chargeable on his real estate to Dr. Caldwell for life, he devised all the residue of his estate to his wife and child, and the heirs.
The child died, and the mother has married J. B. Mathews, the complainant, who with his wife claim all Thomas’s share in said estate of the father, and his proportion of Archibald’s shai’e.
The question made for the consideration of the Court was, whether the testator had given a life estate, or an estate in fee simple, in the property devised to his children.
After hearing counsel in the case, Chancellor Rutledge delivered in the following decree.
There are no words in this will in any of the devises from the beginning to the end of it, indicative of an intention in the testator to give more than a life estate to his children, in the property bequeathed to them, although I think it was unquestionably his intention to give it to them absolutely; for it can scarcely be presumed that testator intended, if any of his childreji should die leaving issue, that the estate he had bequeath *82 ed to them should go over to his surviving children, and his grand children should be left destitute of any provision as to real estate $ and such will be the case if the construction should prevail which is contended for by defendants. The word estate in a devise, connected wp;])l 0ther words will generally carry a fee ; but when merely introductory in a will, as in this case, they will ■not. None of the cases that I have seen however are like the present -: that of a father diposing of his estate among his children, and who seems to be desirous of placing them all upon an equal footing. But as the Courts have heretofore determined that the devisees in •similar cases to this, can only take an estate for life as tenants in common, I think myself bound to adhere to those decisions, and decree in like maimer as to the real estate j but see no reason why a partition may not be made. I am perfectly satisfied that this decree should be appealed from, because I think from our local circumstances those rigid rules of construction respecting real estates ought now to be ameliorated, if not altogether abrogated, since the law respecting the rights of primogeniture has placed real and personal property sc nearly on the same footing.
Mr. Braytok, counsel for the appellant, and Mr. Curves, counsel for the respondent, were heard on t]ij^ appeal.
BraytoN, for appellant.
Words standing alone, 4-Mod. 19, Carter vs. Horner ; 6 ibid, 106 ; 6, Bridge-.. water vs. Bolton ; Holt 281 $ 2 P. Wms. 522 ; 1 term '' rep. 411 ; 1 Yes. 10, 228. The general rule is that the word estate includes not only the lands, but also the estate or interest therein: 3 Aik. 48G ; 1Í. Black. 22 j 2 Yes. 48. The word estate carries a fee,, «mess controled by other words; 8 Yin. 205 ; 27 Yin.. 257, 208,256. Words assisted by preamble, 27,. Yin.. 257, 261; all my wordly estate, carries the fee f 3 Wil.. 33S.„ Testator had a fee, therefore decreed to devise a fee ; having used the above words.
*82 From this decree an appeal was made to the Court of Appeals, on the same grounds as were relied upon at the trial which came on to be heard before all the 'Chancellors, Rutledge, James, Thompson, Desaussure and Gaillard.
Cheves, for respondent.
It is the unanimous wish of' all parties, and their interest, that decree should be reversed, if it can be done consistent with rules of law. 1„ Cases where words of inheritance are used. 2. Cases where particular circumstances shew what estate was intended. 3. Where an estate is intended, but intech-nical words used. Introductory words, Cowp. 279; authority from 27th Vin. 256, doubted and commented on ; contra 27 Yin. 260 ; 7 term rep. 635, Goodtitle vs. Ed-monds ; Cowp. 657, as to all my wordly estate, not deemed sufficient.
DraytoN, in reply.
The series of decisions relied upon relate to laws different from ours. Our acts of Assembly virtually place real and personal estates upon the same footing. Fraser and others, vs. Executors of Livingston, decided in this Court. If the words convey personal they ought under our act to convey real. Where a person makes a will, the presumption is, that he does not mean to die intestate, or make the act he is doing inoperative. 7 term rep. does not relate to children. Cowp. 279. commented on Cowp. 657, do. Testator uniformly uses the same words, intending to give to all the saíne kind of estate. Had he varied it so as to give a fee simple in any one instance, the construction might have been different.
Chancellors James, Thompson and Desaussure were of opinion, that the strong presumption was, the testator meant to give a fee simple in the property devised.
/'Tliat though there were no words of inheritance, nor! any words used which had heretofore been construed to carry a fee simple : yet that in devises the intent ought to prevail if possible : and unlearned testators, Inops *84 doncilii, did not know that words of inheritance or perpetuity were necessary in devises of real estate, more than in bequests of personal estate. That the act abol'ishing the rights of primogeniture, and placing real pro-1 , on the same footing with personal, ought to change tj16 rjgbP 0f the rules which required words of inheritance or pei’petuity to carry real estate ; and that the intent when clearly discerned, should take effect, however worded, equally, in the construction of wills, as to real, as in testaments as to personal estste, and that in the present case, the divisees took a fee. The Court ¡therefore reversed the decree of the Circuit Judge.
Chancellors Rutledge and Gaillard were of opinion that there were no words in the will which carried a fee, and that they were bound by the old rules on the subject, and were for affirming the decree.